

FILED
CLERK, U.S. DISTRICT COURT
APR - 8 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

1  Gerald A. Griffin, Esq., CSB #076620
   Gary E. Scalabrini, Esq., CSB #161902
2  Richard E. Haskin, Esq., CSB #218796
   **GIBBS, GIDEN, LOCHER, TURNER & SENET LLP**
3  1880 Century Park East, 12th Floor
   Los Angeles, California 90067-1621
4  (310) 552-3400
   Fax (310) 552-0805
5
6  Attorneys for Plaintiff,
   ARROW ELECTRONICS, INC.
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10             SOUTHERN DIVISION – SANTA ANA
11

| | |
|---|---|
| ARROW ELECTRONICS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOUG MARTIN, an individual; GARY M. HEPPY, an individual; INTELEK ELECTRONICS, INC., a California corporation; RICHARD McCAULEY, an individual; and MARRICH, INC., a dissolved California corporation,<br><br>Defendants. | Case No.: SACV 07-70 JVS (FMOx)<br><br>Assigned to the Hon. James V. Selna, Dept. 10-C<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Filing Date      : January 17, 2007<br>Trial Date       : October 21, 2008<br>Discovery Cut-off : July 8, 2008<br>Motion Cut-off   : September 8, 2008 |

Subject to the approval of this Court, the Plaintiff ARROW ELECTRONICS, INC. ("Arrow") and Defendants DOUG MARTIN ("Martin"), GARY M. HEPPY ("Heppy"), INTELEK ELECTRONICS, INC. ("Intelek"), RICHARD MCCAULEY ("McCauley), and MARICH, INC. ("Marrich") (hereinafter collectively referred to as the "Parties") hereby stipulate to the following protective order:

1.  In connection with discovery conducted in the above captioned matter, including, but not limited to, the subpoenas *duces tecum* served by Arrow upon

ANGELS BASEBALL L.P. ("Angels Baseball"), the INTERNAL REVENUE SERVICE ("IRS"), CITIBANK WEST F.S.B. ("Citibank"), and WACHOVIA BANK NATIONAL ASSOCIATION ("Wachovia Bank"), the Parties designate the following information produced pursuant to the foregoing discovery as "CONFIDENTIAL" under the terms of this Stipulated Protective Order (hereinafter "Order"):

    a.    With respect to any disclosures and production by Angels Baseball, the identity, addresses, telephone numbers and related information of season ticket holders and ticket purchasers for the following game dates and seat locations shall be CONFIDENTIAL pursuant to the terms of this Order:

| Game Date | Seat Locations |
|---|---|
| September 17, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| September 8, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| August 24, 1999 | Field level, Section 111, Row J, Seats 1, 2, 3, and 4 |
| September 22, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| September 28, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| September 29, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| September 20, 1999 | Field level, Section 111, Row J, Seats 1, 2, 3, and 4 |
| September 30, 1999 | Field level, Section 128, Row B, Seats 5 and 6 |
| August 8, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| July 20, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| May 3, 1999 | Field level, Section 111, Row J, Seats 1, 2, 3, and 4 |
| August 4, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |

| | |
|---|---|
| August 25, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| September 21, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| August 23, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| September 29, 1999 | Field level, Section 111, Row J, Seats 1, 2, 3, and 4 |
| August 8, 1999 | Field level, Section 111, Row J, Seats 1, 2, 3, and 4 |
| August 2, 1999 | Field level, Section 111, Row J, Seats 1, 2, 3, and 4 |
| August 24, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| August 20, 1999 | Field level, Section 111, Row J, Seat 3 |
| September 20, 1999 | Field level, Section 128, Row B, Seats 5, 6, 7 and 8 |
| August 3, 1999 | Field level, Section 111, Row J, Seats 1, 3 and 5 |

b.    With respect to any disclosures and production by the IRS, the following documents and/or information shall be CONFIDENTIAL pursuant to the terms of this Order:

i.    All tax returns, tax forms, and supporting documents filed with the IRS or California Franchise Tax Board by Intelek and/or Marrich from January 1, 1998 through December 31, 2003;

ii.    All tax returns, tax forms, and supporting documents filed with the IRS or California Franchise Tax Board relating to Martin, Heppy, and/or McCauley, from January 1, 1998 through December 31, 2003;

iii.    All 1099, W-2, and W-3 Forms filed with the IRS relating to Martin, Heppy, and/or McCauley from January 1, 1998 through December 31, 2003.

c.    With respect to all other discovery propounded in this action, the

3
[PROPOSED] STIPULATED PROTECTIVE ORDER

following documents and/or information shall be CONFIDENTIAL:

i. Any and all checks, wire transfer receipts, deposit slips, withdrawal slips, account statements, ledgers, private banking records, and/or vouchers produced by Citibank and Wachovia Bank;

ii. Any and all checks, wire transfer receipts, deposit slips, withdrawal slips, account statements, ledgers, private banking records, and vouchers produced by the Parties in this action;

iii. Any documents containing social security numbers, financial account numbers, personal income data, or personal financial information relating to any Party or subpoena recipient.

The foregoing documents and/or information, as set forth in paragraph 1 herein, shall collectively be referred to as "Confidential Information."

2. By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. GOOD CAUSE STATEMENT: Good cause exists for a protective order as to the Confidential Information as set forth herein.

a. Good cause exists for a protective order as to the Confidential Information disclosed by Angels Baseball because the Confidential Information contains trade secret information and has not been made public, is not available to the public, and has been, at all times, the subject of reasonable efforts to maintain its confidentiality by Angels Baseball. Good cause further exists because the Confidential Information contains the personal information of Angels Baseball clientele who have bestowed trust upon Angels Baseball not to disclose said information. Good cause further exists because public disclosure of the Confidential

Information may harm Angels Baseball in as much as said disclosure will violate the trust bestowed upon Angels Baseball by its clientele and impair Angels Baseball's relationship with its current season ticket holders and prospective season ticket holders.

      b.     Good cause exists for a protective order as to the Confidential Information disclosed by the IRS, Citibank, Wachovia Bank and Parties, as it relates to those documents and/or information set forth in paragraph 1(b), (c) because said information is classified as private information by Article 1, Section 1 of the California Constitution, and only may be disclosed where a compelling public interest would be served thereby. The Parties have agreed to disclose this information subject to the Order.

    4.     Confidential Information shall be so designated by stamping copies of each page of the confidential document or pages produced with the legend "CONFIDENTIAL."

    5.     Testimony taken at a deposition, conference, or pre-trial hearing that discloses Confidential Information may be designated as such by making a statement to that effect on the record at the deposition, conference, or hearing. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing Confidential Information, and to label such portions appropriately.

    6.     Material designated as Confidential Information under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Information shall be used only for the purpose of the prosecution, defense, appeal, or settlement of this action, and for no other purpose.

    7.     Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the

paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    a party, or an officer, director, or employee of a party reasonably deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)    experts or consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    court reporter(s) employed in this action;

    (d)    a witness at any deposition or other proceeding in this action; and

    (e)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Information, each "qualified person" listed under subsection (b) only shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment "A," a copy of which shall be provided to counsel for each other Party upon written request.

8.    Depositions involving disclosure of Confidential Information shall be taken only in the presence of qualified persons.

9.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material also is obtained through discovery in this action, or from disclosing its own Confidential Information as it deems appropriate.

10.    If Confidential Information, including any portion of a deposition transcript designated as such, is included in any papers to be filed with the Court, said papers must be filed under seal. The party seeking to file the Confidential Information shall label its papers "Confidential--Subject to Court Order" and follow the procedures set forth in United States District Court, Central District of California Local Rule 79-5.1. The party seeking the filing with the Court of papers containing Confidential Information under seal must obtain the Court's prior approval by

submitting a written application and proposed order to the Court pursuant to Local Rule 79-5.1. Further, the party seeking to file the foregoing papers with the Court, under seal, shall redact or exclude all "personal identifiers" pursuant to Local Rule 79-5.4.

11. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court pursuant to Local Rule 79-5.2. An application for disclosure of sealed or confidential court records shall be made to the Court in writing and filed by the person seeking disclosure. The application shall set forth with particularity the need for specific information in such records. The procedures of Local Rule 7-3 et seq. shall govern the hearing of any such application.

12. In the event that any Confidential Information is used in any court proceeding in this action, other than trial, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between Angels Baseball, the IRS, Citibank, Wachovia Bank, other entities subject to subpoena, and the Parties, without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or nonconfidentiality of any such document or information, or of altering any existing obligation of any party or the absence thereof, or of waiving or endangering any constitutional privilege, expressly including the Fifth Amendment right against self-incrimination.

14. Upon termination of this case, counsel for the Parties shall assemble and return to any Party, Angels Baseball, the IRS, Citibank and/or Wachovia Bank,

DATED: ~~February~~ April 2, 2008    LAW OFFICE OF STEPHEN A. MADONI

By: _____SiMadoni_____
Stephen A. Madoni, Esq.
Attorneys for Defendants, GARY M. HEPPY and
INTELEK ELECTRONICS, INC.

APPROVED AND SO ORDERED:

Dated: 4-8-08    _____
Fernando M. Olguin
United States Magistrate Judge
United States District Court

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Arrow Electronics, Inc. v. Martin, et al.*, United States District Court for the Central District of California, Civil Action No. SACV 07-70 JVS (FMOx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

By_____
    (Signature)

Name: _____  Title: _____